## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
---------------------------------------------------------
LAKELAND BANK
                        Plaintiff,              CASE NO.  4:22-cv-01076-WIA
        v.

SUN-RE CHEESE CORP.
                        Defendant.
---------------------------------------------------------
```

### LAKELAND REPLY BANK'S BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR REMAND

Plaintiff Lakeland Bank, by and through its undersigned counsel, files this Reply Brief in Further Support of its Motion for Remand.

## I.    THE AMOUNT IN CONTROVERSY IN A REPLEVIN ACTION IS NOT SETTLED LAW

Defendant's main argument appears to be that the amount of controversy in a replevin action is allegedly "the value of the property". However, while Defendant claims that this "is long settled", the cases cited by the Defendant are not from this circuit. For example, *Hedburg v. State Farm Mutual Auto Insurance Co.,* 350 F.2d 924 (8th Cir. 1965) is an eighth circuit case.

Moreover, while Defendant claims that *Hedburg* is cited by a third circuit case, being *Marcus v. Reyes*, 1996 WL 601415 (E.D. Pa. 1996), *Marcus* involves a completely different set of facts that are not applicable to this matter. Specifically, in *Marcus* the plaintiff alleged that his ex-wife removed personal property, which was the subject of a New Jersey court judgment in favor of plaintiff, from their marital home, and the plaintiff sought the return of these items. That is not the case in this matter. Rather, this matter relates to a loan secured by collateral, and Plaintiff is only seeking replevin of the collateral so that it can hold a valid public or private sale UCC Article 9 of the collateral to recover the amounts due to Plaintiff for the underlying loan.

Moreover, the *Marcus* court's statement regarding the amount of controversy being the value of the property is found in a footnote and is only supported by a citation to 28 U.S.C.A. § 1332(a).  However, there is nothing in 1332(a) that supports this statement.  See 1332(a).

Furthermore, *Marcus* makes it clear that the property must form the entire basis for the action for the value of the property to be considered the amount in controversy.  However, in this matter, it is the underlying loan that forms the entire basis for Plaintiff's action, not the property itself.

It is interesting that the only third circuit case that appears to support Defendant's claim is not cited by any other third circuit cases.  Accordingly, it would appear that this is anything but "long settled" law.

Therefore, Plaintiff Lakeland Bank proposes that in a matter such as this, where the basis for the action is a loan, with a balance that does not exceed the jurisdictional limit, that this Court does not have diversity jurisdiction, and this matter must be remanded back to the state court.

## II.    THE UCC REQUIRES THE RETURN OF EXCESS PROCEEDS TO THE DEBTOR

Further, contrary to Defendant's claim that Plaintiff Lakeland Bank is not required to return any surplus to the Defendant, the UCC clearly and expressly states that such excess shall be returned to the Defendant.  Specifically, once Plaintiff Lakeland Bank receives the collateral property, it will hold a valid UCC Article 9 sale of the equipment.  Pursuant to Section 9-615(d) of the UCC,  the debtor is to receive any surplus.

Accordingly, Plaintiff Lakeland Bank will not recover the full value of the collateral, unless such collateral only has a value of the amount of the judgment.  Regardless, this amount does not exceed $75,000.00.

### III.   THE DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

It should once again be noted that in removal cases, the defendant has the burden to establish the amount in controversy. *Meritcare Inc. v. St. Paul Mercury Insurance Co*., 166 F.3d 214, 222 (3d Cir. 1999). Where disputes over factual matters must be resolved, the party claiming jurisdiction must support its claim by a "preponderance of the evidence." *Samuel-Bassett v. KIA Motors America, Inc*., 357 F.3d 392, 398 (3d Cir. 2004) (citing the standard used in *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

Here, other than stating that original principal amount of the loan exceeded $75,000.00, the Defendant has not provided any evidence to show that the present value of the collateral exceeds $75,000.00.  Moreover, it should be noted that the loan was made in 2016 (six years ago) and the collateral was not new but refurbished.  Said collateral is now six years older and has apparently been abandoned by the Defendant for some time.  There is simply no way for the court to determine the value of this collateral, especially when the Defendant will not even state where the collateral is currently located.  It should also be noted that the Defendant makes no statement as to the collateral's location, condition, or status (i.e., whether it functions at all).

Accordingly, the Defendant has not met its burden of proof regarding the present value of the collateral.

### IV.   THE AMOUNT IN CONTROVERSY IS EXCLUSIVE OF FEES AND COSTS

Finally, Defendant appears to claim that the Plaintiff's attorney's fees should be included in the calculation of the amount at controversy.  However, the plain words of 28 U.S.C. § 1332 do not support this argument.

Specifically, 28 U.S.C. § 1332(a) clearly states that the amount in controversy must

exceeds $75,000 "exclusive of interest and costs" at the time of filing. 28 U.S.C. § 1332 (emphasis added); *see also* 28 U.S.C. § 1332(7) (the amount in controversy is determined by examining the damages claimed at the time the complaint is filed). Here, the amount in controversy at the time the action was filed was the balance of the loan, being $70,246.80, exclusive of fees and costs.

Accordingly, based on the clear requirements of section 1332, Plaintiff's attorney's fees should not be included in the calculation of the amount in controversy.

## V.    CONCLUSION

As it is clear that the amount in controversy at time of filing (exclusive of interest and fees and costs to be incurred) is only $70,246.80, being the balance of the loan obligation, and as the UCC requires that Plaintiff Lakeland Bank will only be permitted to keep the $70,246.80 (plus legal fees and costs subsequently incurred) from the liquidation of the equipment, Plaintiff Lakeland Bank respectfully requests that this matter be remanded back to Northumberland County.

Respectfully submitted,

BERGER LAW GROUP, P.C.

Dated:   8/19/2022          By:      */s/:  Phillip D. Berger, Esq.*
                                     PHILLIP D. BERGER, ESQUIRE
                                     PA ID #58942
                                     919 Conestoga Road, Building 3, Suite 114
                                     Rosemont, PA 19010
                                     *Attorneys for Lakeland Bank*

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---

**LAKELAND BANK**
                              **Plaintiff,**          **CASE NO.  4:22-cv-01076-WIA**
     **v.**

**SUN-RE CHEESE CORP.**
                              **Defendant.**

---

## <u>CERTIFICATE OF SERVICE</u>

I, Phillip D. Berger, Esquire, do hereby certify that on August 19, 2022, I caused a true and correct copy of the foregoing to be filed electronically.

Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                              BERGER LAW GROUP, PC

                    By:  /s/:  Phillip D. Berger, Esq.                          
                         PHILLIP D. BERGER, ESQUIRE
                         919 Conestoga Road, Building 3, STE 114
                         Rosemont, PA 19010
                         (610) 668-0800
                         PA ID #58942

Dated: August 19, 2022