UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAKELAND BANK** <br>         **Plaintiff,** <br> v. <br> **SUN-RE CHEESE CORP.** <br>         **Defendant.** | **CASE NO. 4:22-cv-01076-WIA** |

**PLAINTIFF LAKELAND BANK'S SUR-REPLY BRIEF IN FURTHER SUPPORT OF ITS REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR ENTRY OF DEFAULT JUDGMENT, AND IN OPPOSITION TO DEFENDANT'S REQUEST FOR SANCTIONS**

Plaintiff Lakeland Bank hereby files this Sur-Reply Brief in Further Support of its Request for Entry of Default and Motion for Entry of Default Judgment, and In Opposition to Defendant's Request for Sanctions.

As will be shown below, both the Defendant and its counsel have had notice of this matter (including having a copy of the Complaint) since at least July 11, 2022, and Defendant's counsel has actively participated in a state court hearing already held in this matter. For the Defendant to now claim on the afternoon before the scheduled conference call with the Judge (who postponed the conference call and rescheduled the date per the Defendant's counsel's request), that it did not receive the Complaint is disingenuous at best, and a blatant misrepresentation at worst.

As the Defendant has failed and refused to timely respond to the Complaint in this matter, Plaintiff Lakeland Bank properly moved before this Court for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55. Thus, a default judgment should be entered in favor of Plaintiff Lakeland Bank and against Defendant Sun-Re Cheese Corp., and Defendant's request for sanctions should be denied in its entirety.

      A.      **FEDERAL RULE OF CIVIL PROCEDURE 81(C) REQUIRE THE DEFENDANT TO HAVE ANSWERED THE COMPLAINT**

Federal Rule of Civil Procedure 81(c) provides guidance for matters that have been removed to Federal Court. Specifically, Rule 81(c) states as follows:

> (c) Removed Actions.
>     (1) *Applicability.* These rules apply to a civil action after it is removed from a state court.
>
>     (2) *Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>         (A) 21 days after receiving—through service <u>or otherwise</u>—a copy of the initial pleading stating the claim for relief;
>         (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>         (C) 7 days after the notice of removal is filed. (emphasis added).

As the Defendant removed this matter to Federal Court, the Defendant is required to answer the complaint pursuant to the above cited timeline. See, Fed. R.C.P. 81(c).

Note that the Defendant included a copy of the filed state court complaint with its Notice of Removal filed on July 11, 2022! Therefore, pursuant Fed. R.C.P. 81(c)(2)(C), Defendant's answer was required to be filed within seven (7) days of removal, being July 18, 2022.

Moreover, pursuant to Fed. R.C.P. 81(c)(2)(A), Defendant's answer was required to be filed within 21 days of the Defendant's receipt of the complaint (through service or otherwise), being August 1, 2022 at the latest (again based on the fact that the Defendant actually included a copy of the state court complaint with its Notice of Removal).

Note that subsection (b) does not apply as there was no summons generated in the state court action.

Thus, pursuant to Federal Rule of Civil Procedure 81(c), the Defendant was required to

file an answer to the Complaint on or before August 1, 2022, at the latest. The Rule cited clearly provides that this timing is triggered regardless of whether service is made, or if the Defendant receives the Complaint in an alternative matter. The Defendant still has not answered the Complaint, despite having notice of this matter for months.

Additionally, Plaintiff Lakeland Bank has sent all pleadings to the Defendant via multiple methods, including email, first class mail, and even had the pleadings posted to the residential address of the Defendant's corporate owner, Nancy Aiello, in New Jersey. But for these efforts to serve the Defendant, Defendant's counsel would not have participated in the hearing and phone calls related to this matter.

Further, copies of the relevant pleadings in this matter was served on Defendant's counsel (after he entered his appearance) on July 7, 2022. Also, note that Defendant's counsel has never stated that he was not authorized to accept service for the Defendant, and Defendant's counsel has attended a state court hearing, and it was Defendant's counsel who filed the Notice of Removal in this matter.

Defendant's counsel may be confusing the rules related to the timing for removing a matter with those for answering a removed action. While the Defendant may not have been required to file a notice of removal until 30 days after service of the complaint was made, once the matter is removed, then the clock for the Defendant to file the answer starts pursuant to Rule 81(c).

Accordingly, as the record clearly indicates that the Defendant had notice of the Complaint, that the Defendant's counsel has materially participated in a state court hearing and phone calls with the Court and with Plaintiff's counsel, that the Defendant's counsel filed a notice of removal by which this matter was removed to Federal Court, and as the Defendant's

counsel's act of removal starts the timing for the answer to be filed, the requested default judgment should be entered in favor of Plaintiff Lakeland Bank.

### B. DEFENDANT'S REQUEST FOR SANCTIONS MUST BE DENIED

Defendant request for sanctions against Plaintiff Lakeland Bank have no merit and must be denied. As Defendant still has not timely answered Plaintiff's Complaint in violation of Rule 81(c), Plaintiff Lakeland Bank properly requested the entry of a default against the Defendant pursuant to Rule 55(a), and has further moved the Court for entry of a default judgment against the Defendant pursuant to Rule 55(b). These filings are not frivolous, harassing or unsubstantiated, but are required by the Rules and are proper in situations whereby the Defendant files no answer and takes no action to move this matter forward.

Defendant's request for sanctions appears to stem from the issue of service of the Complaint. However, as stated above, Plaintiff Lakeland Bank has provided the Complaint to the Defendant (and its counsel) via numerous methods, and there is no doubt that the Defendant received the Complaint and the Defendant's counsel has actively participated in this matter.

There is simply no basis for Rule 11 sanctions against the Plaintiff. Rather, it is clear that the Defendant is attempting to manufacture a controversy where none exists. This is a very simple matter. Plaintiff Lakeland Bank loaned the Defendant money to purchase some equipment. The equipment is collateral for the loan. The Defendant has failed and refused to make all required payments. Plaintiff Lakeland Bank has a right to recover the collateral, but Defendant has refused to deliver said collateral to Plaintiff.

Defendant has been attempting to delay this matter since inception. Upon information and belief, the Defendant attempted to evade service of the Complaint, the Defendant refused (until very recently and only at this Court's instruction) to provide any details about the status of

the collateral, and the Defendant has refused to answer Plaintiff's Complaint. While Plaintiff has been attempting to move this matter forward, the Defendant is being as dilatory as possible, which is further evidenced by this latest filing by the Defendant. Defendant should not be permitted to practice such dilatory conduct.

Moreover, Defendant's claims regarding the Plaintiff's alleged failure to file a brief in violation of local rules also has no merit. Specifically, while Plaintiff did file a Motion for Default Judgment on September 23, 2022, this Court entered an Order on September 29, 2022, scheduling a conference call to discuss the Motion for Remand and the Motion for Default Judgment. Accordingly, Plaintiff did not file a supporting brief, since this matter was already under the Court's review and this Court had already decided that the issues raised in the Motion for Default Judgment would be discussed by all parties at the upcoming telephonic hearing.

Accordingly, as the Defendant's claims related to sanctions have no merit, and as it is the Defendant who has been acting improperly, Defendant's request for sanctions should be denied in its entirety. Moreover, if any party should be sanctioned, it is the Defendant's counsel, who has forced Plaintiff to incur significant legal costs and expenses due to the Defendant's (and its counsel's) dilatory conduct, including the filing of the frivolous notice of removal to Federal Court.

Dated: 10/17/2022

By: *Phillip D. Berger*

BERGER LAW GROUP, PC

PHILLIP D. BERGER, ESQUIRE
PA ID #58942
919 Conestoga Road, Building 3, Suite 114
Rosemont, PA 19010
*Attorneys for Lakeland Bank*

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAKELAND BANK**<br>　　　　　　　　　**Plaintiff,**<br>**v.**<br>**SUN-RE CHEESE CORP.**<br>　　　　　　　　　**Defendant.** | **CASE NO. 4:22-cv-01076-WIA** |

## CERTIFICATE OF SERVICE

    I, Phillip D. Berger, Esquire, hereby certify that a true and correct copy of foregoing were served this date upon all parties of record via the Court's ECF System.

Dated: __10/17/2022__

BERGER LAW GROUP, PC

By: _*Phillip D. Berger*_
PHILLIP D. BERGER, ESQUIRE
PA ID #58942
919 Conestoga Road, Building 3, Suite 114
Rosemont, PA 19010
*Attorneys for Lakeland Bank*