IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKELAND BANK, | : | No. 4:22-CV-1076-WIA |
| Plaintiff | : | Hon. William I. Arbuckle, III |
| | : | |
| v | : | |
| | : | |
| | : | |
| SUN-RE CHEESE CORP., | : | JURY TRIAL DEMANDED |
| Defendant. | : | (Electronically Filed) |

### DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR REPLEVIN

COMES NOW Defendant Sun-Re Cheese Corp., by and through its counsel, Timothy A. Bowers, JD and makes the following Answer with New Matter:

### ANSWER

1. Admitted.

2. Admitted.

3. Admitted.

4. Paragraph 4 contains allegations of law to which no responsive pleading is required. To the extent that paragraph 4 contains allegations of fact, those allegations are denied.

5. Paragraph 5 contains allegations of law to which no responsive pleading is required. It is denied that Sun-Re took any action to induce Lakeland to make a loan. Rather, Lakeland asserted its conditions for grant of a loan.

6. Paragraph 6 contains allegations of law to which no responsive pleading is required. To the extent that paragraph 6 contains allegations of fact, they are denied. After reasonable investigation, Sun-Re is without sufficient information to form an opinion or belief as

to the veracity of the allegation that Sun-Re has defaulted on its obligations as Lakeland has nowhere in its complaint specified the nature of the alleged default.

7. Denied. After reasonable investigation, Sun-Re is without sufficient information to form an opinion or belief as to the veracity of the allegation that Sun-Re has defaulted on its obligations as Lakeland has nowhere in its complaint specified the nature of the alleged default. It is further denied that Sun-Re has an obligation to turn over equipment to Lakeland.

8. No responsive pleading is required.

9. Paragraph 9 contains allegations of law to which no responsive pleading is required. To the extent paragraph 9 contains allegations of fact, they are denied.

10. Denied. After reasonable investigation, Sun-Re is without sufficient information to form an opinion or belief as to the veracity of the allegation that Sun-Re has defaulted on its obligations as Lakeland has nowhere in its complaint specified the nature of the alleged default.

11. Paragraph 11 contains allegations of law to which no responsive pleading is required.

12. Paragraph 12, contains allegations of law to which no responsive pleading is required. To the extent that paragraph 6 contains allegations of fact, they are denied. After reasonable investigation, Sun-Re is without sufficient information to form an opinion or belief as to the veracity of the allegation that Sun-Re has defaulted on its obligations as Lakeland has nowhere in its complaint specified the nature of the alleged default.

13. Paragraph 13 contains allegations of law to which no responsive pleading is required.

14. It is denied that Sun-Re has an obligation to turn over equipment to Lakeland.

15. Paragraph 15 contains a prayer for relief to which no responsive pleading is required.

16. Admitted in part, denied in part. After reasonable investigation, Sun-Re is without sufficient information to form an opinion or belief as to what information Lakeland has or believes. Those averments are denied. It is admitted that Sun-Re is in poseidon's of the equipment listed in paragraph 3 of the Complaint.

17. Paragraph 17 contains a prayer for relief to which no responsive pleading is required.

## NEW MATTER

18. Paragraphs 1 through 17 of this Answer with Affirmative Defenses are hereby restated and reincorporated by reference as though fully set forth.

19. Lakeland's claims are barred by the doctrine of accord and satisfaction.

20. Lakeland's claims are barred by the doctrine of estoppel.

21. Lakeland's claims are barred by the doctrine of failure of consideration.

22. Lakeland's claims are barred by the doctrine of failure of consideration.

23. Lakeland's claims are barred by the doctrine of fraud.

24. Lakeland's claims are barred by the doctrine of illegality.

25. Lakeland's claims are barred by the doctrine of laches.

26. Lakeland's claims are barred by the doctrine of payment.

27. Lakeland's claims are barred by the doctrine of release.

28. Lakeland's claims are barred by the statute of frauds.

29. Lakeland's claims are barred by the statute of limitations.

30. Lakeland's claims are barred by the doctrine of waiver.

Date: November 10, 2022

Respectfully submitted,

BEST LAW OFFICES, LLC

_____
Timothy A. Bowers, PA77980
20 North Front Street
PO Box 88
Sunbury, PA 17801
570-495-4718
fax 866-495-2818
timbowers@timbowerslaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I have this 10th day of November 2022 served a true and correct copy of the foregoing document via electronic mail as follows:

Philip Berger, Esquire
berger@bergerlawpc.com
Matthew Kaufmann, Esquire
Kaufmann@bergerlawpc.com
Berger Law Group, PC
919 Conestoga Road
Building 3, Suite 114
Rosemont, PA 19010
Counsel for Plaintiff

                                                                                  Timothy A. Bowers, PA77980

This document has also been filed electronically and is available for viewing and downloading from the ECF system.