UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAKELAND BANK

                    Plaintiff,          CASE NO.  4:22-cv-01076-WIA

        v.

SUN-RE CHEESE CORP.
                    Defendant.

## PLAINTIFF LAKELAND BANK'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff Lakeland Bank, by and through its undersigned counsel, files this Reply Brief in Further Support of its Motion for Summary Judgment.

## I.    INTRODUCTION

Plaintiff Lakeland Bank submits this Reply Brief to respond further to Defendant's misguided statute of limitations claims.  While Plaintiff Lakeland Bank still believes that New Jersey's six-year statute of limitations for replevin applies to this matter, even if the Pennsylvania two-year statute of limitations applies, Plaintiff Lakeland Bank's filed Complaint for Replevin is timely based on the applicable law previously cited.

Further, Plaintiff's filed Complaint for Replevin is timely under the Pennsylvania two-year statute pursuant to the doctrine of equitable tolling.  Plaintiff Lakeland Bank herein provides the additional legal basis related to the doctrine of equitable tolling, and its direct application to this matter.

## II.   THE STATUTE OF LIMITATIONS WAS EQUITABLY TOLLED BY DEFENDANT'S CONDUCT

Equitable tolling of the limitations period is necessary in certain circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). In situations "when the principle of equity would make the rigid application of a limitation period unfair" the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005). With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the

steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398
F.3d 225, 230 (3d Cir. 2005).

In this matter, it is clear that there is a direct basis for the "equitable tolling"
of the statute of limitations from January 2020 through April 2022, as the
Defendant continually promised to sell or refinance the collateral equipment during
this time period, and Plaintiff Lakeland Bank agreed to amicably work with the
Defendant in their hope to resolve this dispute without litigation.  Pursuant to
these efforts, Plaintiff Lakeland Bank had agreed not to replevin the equipment so
as to allow the Defendant to sell the equipment or refinance the equipment per the
Defendant's request, and the alleged refinance documents presented to Plaintiff
Lakeland during  this time period.  Thus, it was due to Defendant's specific
representations and promises to Plaintiff Lakeland Bank that the action was not
filed until June, 2022.

Starting in or about January 2020, and continuing through as recently as
April 2022, the Defendant made numerous promises and representations to
Plaintiff Lakeland Bank that the Defendant had arranged refinancing of the
collateral equipment, and said refinancing was set to close at various times,
including on or before June 4, 2021.  A true and correct copy of a letter reflecting
that the alleged refinancing was to close by June 4, 2021 is attached hereto as
Exhibit "1".  Additionally, the most recent of Defendant's representations was that
the refinancing was scheduled to close by March 31, 2022.  A true and correct copy

of a letter reflecting that the alleged refinancing was to close by March 31, 2022 is attached hereto as Exhibit "2".

However, all of the Defendant's promises and representations were false, as the Defendant continually provided excuses for why the promised refinancing was not closing.

Moreover, once it became clear that a refinancing or a payoff was not going to materialize by March 31, 2022, Plaintiff immediately transferred the matter to legal counsel, and the instant action was filed in June, 2022.

It is clear from the facts of record that Plaintiff Lakeland Bank made every attempt to help Defendant amicably resolve this matter. However, it appears that the Defendant was merely stringing Plaintiff along (similar to Defendant's actions in this litigation), to avoid this action from being filed. Accordingly, Plaintiff Lakeland Bank was actively misled by the Defendant, justifying the imposition of the doctrine of equitable tolling in this matter.

## III.   CONCLUSION

Based on the case law set forth in Plaintiff's prior memo of law, and further based on the doctrine of equitable tolling as set forth herein, Plaintiff Lakeland Bank respectfully requests that this Honorable Court enter summary judgment in replevin against Defendant Sun-Re Cheese Corp., and enter an Order directing Defendant Sun-Re Cheese Corp. to turn over the Equipment, or to allow the auction and sale of the Equipment at Defendant's premises to collect the amount due, but should Defendant Sun-Re Cheese Corp. fail or refuse to turn over the Equipment or to allow

such an auction to occur, then the U.S. Marshall's Office should be directed to break locks, if required, and to take possession of said Equipment and to deliver said Equipment to Plaintiff Lakeland Bank for sale, without bond.

Respectfully submitted,

BERGER LAW GROUP, P.C.

Dated: __2/10/2023__      By:   _/s/: Phillip D. Berger, Esq._
                                PHILLIP D. BERGER, ESQUIRE
                                *Attorneys for Lakeland Bank*

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAKELAND BANK

                              Plaintiff,         CASE NO.  4:22-cv-01076-WIA

    v.

SUN-RE CHEESE CORP.
                              Defendant.

### CERTIFICATE OF SERVICE

I, Phillip D. Berger, Esquire, do hereby certify that on February 10, 2023, I caused a true and correct copy of the foregoing to be filed electronically.

Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

BERGER LAW GROUP, PC

By: /s/:  Phillip D. Berger, Esq.
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, STE 114
Rosemont, PA 19010
(610) 668-0800
PA ID #58942

Dated: 2/10/2023

6

**EXHIBIT 1**

VADACANN FINANCIAL, LLC

Office: (201) 408-5230

Fax: (201) 408-5260

May 20, 2021

Mr. Thomas Aiello
Ms. Nancy Aiello
Aiello Brothers Cheese Co., Inc
Sun-Re Cheese Corp.
145 48th Street
Brooklyn, NY  11232

Re: Aiello Brothers Cheese Co., Inc
Sun-Re Cheese Corp
*(The Borrowers)*

Mr. & Ms. Aiello:

We are pleased to inform you that we are getting ready to close on your loan.  We expect to be closing the week ending June 4, 2021.  We will be contacting the title company to update their title and any other documentation she may need.

We will call middle of next week to set up the date for closing date and time.

*Amantino J. Lopes*
_____

Amantino Lopes
President

400 Sylvan Avenue, Suite 200
Englewood Cliffs, NEW JERSEY  07632

**EXHIBIT 2**

**VADACANN FINANCIAL LLC**
342 North Main Street
Port Chester, New York 10573

Office: (201) 305-0641                                    Fax: (914) 937-7207

March 16, 2022
Sun-Re Cheese Corp.                              **Loan:  1006 TANASC-2020**

Mr. Thomas Aiello                                Property: Aiello Brother's Cheese Co.
Ms. Nancy Aiello                                 178 Lenker Ave. Sudbury, Pa. 17801
145 48ᵗʰ Street Bklyn, N.Y. 11232                with Sun-Re Cheese Corp.

Mr. Aiello:
VadaCann Financial LLC with this transmittal is advising you that once the title report which will
be ordered by our underwriting department and final inspection of all equipment is finalize, we will
begin the closing process. VadaCann is setting the date as March 31, 2022 (+/-). The loan document
and the amount will be issued to counsel for the Aiello family and their companies which as of
March 16, 2022 covers all your debt and operating monies. With this transmittal you should begin
to start to organize and bring in all the employee's( On Hold)  needed to start producing cheese and
cheese products.

With your help we have reach this milestone and with our secondary division seeing a bright future
for the Cheese Company. We are awaiting for you to email and VadaCann to review the L.O.I./and
future sales contracts that you have worked for in the last 5 months. Once received this will support
the loan and be documented to start up production and begin on the new path.

This should be the last transmitted document till closing.

Regards,

Salvatore Cannavo V.P. Managing Member
VadaCann Financial LLC

c.c  John Crane Esq.
     Julio Guerra: Underwriting

Page 1 of 1






