UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKELAND BANK<br><br>                              Plaintiff,<br><br>   v.<br><br>SUN-RE CHEESE CORP.<br><br>                            Defendant. | CASE NO.  4:22-cv-01076-WIA |

## PLAINTIFF'S TRIAL MEMO WITH CITATIONS

### (1) <u>N.J. Statute of Limitations Applies:</u>

Generally, a federal court applies the choice of law rules of the forum in which it sits. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021-22, 85 L. Ed. 1477 (1941); *Shuder v. McDonald's Corp.*, 859 F.2d 266, 269 (3d Cir. 1988). Historically, it was believed that courts sitting in diversity should apply its own procedural law, even if it applied the substantive law of a foreign jurisdiction. Thus, the statute of limitations, ordinarily considered procedural in nature, was controlled by the law of the forum, rather than by the law of the state whose substantive law applies.

However, New Jersey has abandoned such "ritualistic concepts" in favor of a "most significant relationship" standard under which the governmental interests of both jurisdictions are balanced. *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 141, 305 A.2d 412 (1973).

The *Heavner* standard involves two steps: "The court determines first the governmental policies evidenced by the laws of each related jurisdiction and second the factual contacts between the parties and each related jurisdiction. *Id.* . . . the *Henry* court read *Heavner* as

establishing New Jersey's method of performing the second step in the governmental interest analysis. It requires the balancing of . . . five factors . . . (1) where the cause of action arose; (2) amenability to suit in other states; (3) the substantial interest, if any, of New Jersey in the suit; (4) which state's substantive law will apply; and (5) whether the other state's limitations statute has run. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 774 F. Supp. 1438, 1448 (D.N.J. 1991) (citing *Allen v. Volkswagen of America, Inc.*, 555 F.2d 361, 362-63 (3d Cir. 1977)). The Court must consider the various factors enumerated above to determine which state has the more compelling interest in the outcome of this case. New Jersey conflicts of law principles require the application of the law of the state with the most significant contacts to the dispute. Levitt v. Riddell Sports (In re MacGregor Sporting Goods), 199 B.R. 502, 510-11 (Bankr. D.N.J. 1995).

Accordingly, "In making a choice-of-law determination in a breach-of-contract case, New Jersey courts ask which forum has the most significant relationship with the parties and the contract." *Forestal Guarani S.A. v. Daros Int'l, Inc.,* 613 F.3d 395, 401 (3d Cir. 2010) (citing *State Farm Mut. Auto Ins. Co. v. Estate of Simmons*, 84 N.J. 28, 417 A.2d 488 (1980); *Keil v. Nat'l Westminster Bank*, 311 N.J. Super. 473, 710 A.2d 563 (App. Div. 1998)).


**(2)    When Does The Statute Of Limitations Start:**

There is a two-year statute of limitations for claims of conversion and replevin under Pennsylvania law. 42 Pa. Cons. Stat. Ann. § 5524(3); *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 300 (3d Cir. 1996) ("The Pennsylvania statute of limitations on replevin is two years."); *Shonberger v. Oswell*, 365 Pa. Super. 481, 530 A.2d 112, 114 (Pa. Super. Ct. 1984) ("Conversion is an action at law and is, therefore, subject to the two-year statute of limitations.").

"Under Pennsylvania law, 'a cause of action for conversion does not accrue until there has been a demand for the goods and a refusal to deliver.'" *Serafini v. Mariani*, Civ. A. No. 08-0469, 2010 U.S. Dist.

LEXIS 31819, 2010 WL 1342926, at *5 (M.D. Pa. Mar. 31, 2010) (quoting *Dranoff v. Merrill Lynch*, Civ. A. No. 86-3048, 1986 U.S. Dist. LEXIS 15779, 1986 WL 15014, at *2 (E.D. Pa. Dec. 31, 1986)). In a replevin action, the statute of limitations does not begin to run until the right to bring an action arises; and the right to bring an action arises only upon an act by the possessor that is inconsistent with the owner's rights. *See MacDonald v. Leverington Const. Co.*, 331 Pa. 381, 200 A. 8, 9 (Pa. 1938). *See also Zuk*, 103 F.3d at 300 (noting that claim for replevin had arisen once defendant's possession was "open, notorious, and under claim of right").

In *Fenton v. Balick,* 821 F. Supp. 2d 755, 760-61 (E.D. Pa. 2011), the Court found that <u>only when Plaintiff demanded its return and Defendant refused did the cause of action for conversion arise, and only then did Defendant's possession become inconsistent with Plaintiff's rights, giving rise to the action for replevin.</u>

### (3) Equitable Tolling in Contract Cases:

Equitable tolling is available in all types of cases, including contract, copyright and conversion. *Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 (3d Cir. 2013) (contract); *William A. Graham Co. v. Haughey*, 568 F.3d 425, 436 (3d Cir. 2009) (copyright); *St. John's University, N.Y. v. Bolton*, 757 F. Supp. 2d 144, 187 (E.D.N.Y. 2010) (contract, conversion, and unjust enrichment).

Because the statute of limitations for breach of contract actions is not jurisdictional, it is subject to equitable tolling. *Hatchard v. Dipalma*, Civil Action No. 96-CV-3020, 1997 U.S. Dist. LEXIS 4166, at *7 (E.D. Pa. Mar. 26, 1997) (contract case).

"Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Id*. The Third Circuit has held repeatedly that there are three principal, though not exclusive, situations in which equitable tolling might be appropriate:

    1. where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; or

    2. where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or

    3. where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Id.*

### (4)   Standard of Review:

In a replevin action, the plaintiff must establish his right to possession by a preponderance of the evidence, whereupon the burden shifts to the defendant to prove his right to retain possession. *See, e. g., Blossom Products Corp. v. National Underwear Co.*, 325 Pa. 383, 386-87, 191 A. 40, 41-42 (1937). *See also 77 C.J.S., Replevin § 183 (1952); 31 Pennsylvania Law Encyclopedia, Replevin* §§ 37, 39 (1960); *In re in re Allstate Ins. Co.*, 289 Pa. Super. 329, 333, 433 A.2d 91, 93 (1981)

In an action in replevin, the issue is limited to "the question of title and the exclusive right of possession." *Blossom Products Corp. v National Underwear Co.*, 325 Pa. 383, 386, 191 A. 40, 41 (1937). *See also, International Electronics Co. v. N.S.T. Metal Products Co. Inc.*, 370 Pa. 213, 218, 88 A.2d 40, 43 (1952). Because an action in replevin focuses exclusively on title and right of possession, any other matters may not be considered as defenses or counterclaims. *Ford Motor Credit Co. v. Caiazzo*, 387 Pa. Super. 561, 566, 564 A.2d 931, 933 (1989). The primary relief sought in an action of replevin is "the return of the property itself." *Valley Gypsum Co. Inc. v Pennsylvania State Police*, 135 Pa. Commw. 548, 553, 581 A.2d 707, 710 (1990).

The burden of proof in an action of replevin lies initially upon the plaintiff. As the Superior Court has observed in *Gensbigler v. Shawley*, 162 Pa. Super. 642, 643, 60 A.2d 360, 361 (1948), the "plaintiff has the burden of establishing by adequate proof such an interest in the

property replevied as entitles him to exclusive possession." Consequently, "in a replevin action, the plaintiff must establish his right to possession by a preponderance of the evidence, whereupon the burden shifts to the defendant to prove his right to retain possession." *Petition of Allstate Insurance Co.*, 289 Pa. Super. 329, 333, 433 A.2d 91, 93 (1981). *See also, Johnson v. Staples*, 135 Pa. Super. 274, 280, 5 A.2d 433, 436 (1939). *See Austin v. Borough of Ligonier*, 122 Pa. Commw. 161, 551 A.2d 403 (1988)

                                       BERGER LAW GROUP, P.C.

Date: February 17, 2023       By:   */s/: Phillip D. Berger, Esq.*
                                            PHILLIP D. BERGER, ESQUIRE
                                            *Attorneys for Plaintiff*
                                            919 Conestoga Road, Building 3, Suite 114
                                            Rosemont, PA 19010
                                            (610) 668-0774 (phone)
                                            (610) 668-2800 (fax)
                                            Berger@BergerLawPC.com