

Phillip D. Berger *†
Matthew R. Kaufmann

*Of Counsel*
Michael S. Dinney

* Also member of New Jersey Bar
† Also member of Washington, D.C. Bar

919 Conestoga Road
Building 3, Suite 114
Rosemont, PA 19010
Tel. 610-668-0800
Fax 610-668-2800
www.BergerLawPC.com

Berger@BergerLawPC.com
(610) 668-0774

February 20, 2023

**VIA EMAIL** (magistrate_judge_arbuckle@pamd.uscourts.gov)
Magistrate Judge William I. Arbuckle
U.S. District Court - Middle District of Pennsylvania
235 N. Washington Avenue
Scranton, PA 18501-1148

    **RE:**   **Lakeland Bank v. Sun-Re Cheese Corp.**
             **Case No. 4:22-cv-01076-WIA**

Dear Judge Arbuckle:

    We represent Plaintiff Lakeland Bank with regard to the above matter. Please allow this letter to be a very brief discussion of two issues that arose at the trial of this matter on February 17, 2023.

    First, with regard to Your Honor's question about whether there was any Federal or State requirement that Plaintiff forbear from taking any action against the Defendant because of the Covid-19 pandemic, our research did not find any specific statute. However, the Federal Reserve, FDIC, and other federal and state regulatory agencies actively encouraged financial institutions to work with their borrowers. *See, e.g.*, https://www.nav.com/blog/what-is-commercial-loan-mortgage-forbearance-625559/.

    Moreover, according to the FDIC's website, the FDIC encouraged financial institutions to provide borrowers affected in a variety of ways by the COVID-19 outbreak with payment accommodations that facilitate their ability to work through the immediate impact of the virus. https://www.fdic.gov/coronavirus/faq-fi.pdf. Importantly, the FDIC stated that these efforts "should be ultimately targeted toward loan repayment". *Id.*

    The record clearly shows that in this matter, Plaintiff Lakeland Bank provided Sun-Re Cheese Corp. ("Sun-Re") with payment accommodations (by not requiring payments) during the time that Sun-Re was continually misrepresented that this loan was being repaid through a sale or refinance of the collateral equipment. It was only when it was determined that the Defendant was concealing or actively misrepresenting material facts related to the possibility for a successful refinancing of the Loan, that Plaintiff took action to enforce its rights and remedies.

---

Second, during the summary judgment argument, counsel for Defendant Sun-Re Cheese Corp. ("Sun-Re") presented for the first time the case *Glenbrook Leasing Co. v. Beausang*, 2003 PA Super 489, 839 A.2d 437 (Pa. Super. 2003) ("*Glenbrook*"). Defendant's counsel argued that pursuant to the *Glenbrook* opinion, that Pennsylvania required the Defendant to have actually committed fraud as a pre-requisite to asserting a claim for equitable tolling. Plaintiff respectfully suggests that a pre-requisite finding of fraud is not the standard in Pennsylvania.

While *Glenbrook* is clearly not equivalent to the instant action, as this action is a replevin action and not a legal malpractice action, *Glenbrook* states that pursuant to the occurrence rule, "the statutory period commences upon the <u>happening of the alleged breach of duty</u>." *Id. citing Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger*, 449 Pa. Super. 367, 674 A2d. 244, 246 (Pa. Super. 1996) (emphasis added). In this matter, the "happening of the alleged breach of duty" is the Defendant's failure and refusal to turnover the collateral equipment.

Moreover, with regard to its discussion of equitable tolling, *Glenbrook* states that if through fraud <u>or concealment</u> the defendant causes the plaintiff to relax his or her vigilance or deviate from his or her right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. *Id. citing Molineux v. Reed*, 516 Pa. 398, 403, 532 A.2d 792, 794 (1987).

In this matter, Plaintiff Lakeland Bank has alleged that the Defendant concealed the actual status of the refinance by actively misrepresenting that the refinance was going to occur, and that the collateral equipment was needed for said refinancing. Active misrepresentation (not solely fraud) is a legitimate basis for employing the doctrine of equitable tolling. *See, Hatchard v. Dipalma*, Civil Action No. 96-CV-3020, 1997 U.S. Dist. LEXIS 4166, at *9 (E.D. Pa. Mar. 26, 1997). Defendant's concealment/misrepresentation of the actual status of the unlikely refinance caused Plaintiff Lakeland Bank to delay enforcing its rights and remedies against the Defendant and the equipment.

Accordingly, based on the above and the arguments and testimony provided at the trial of this matter, Plaintiff Lakeland Bank respectfully requests that the requested judgment in replevin be granted to Plaintiff Lakeland Bank.

Respectfully Submitted,

*Phillip D. Berger*

PHILLIP D. BERGER

PDB/slt
cc:   Christine Williamson (Cristine-Williamson@pamd.uscourts.gov)
      Timothy A. Bowers, Esq.
      Robert Ingram