UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKELAND BANK, | ) | CIVIL NO. 4:22-CV-01076 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| SUN-RE CHEESE CORP., | ) | |
| Defendant | ) | |
| | ) | |

**<u>ORDER</u>**
*(On Plaintiff's Motion for Summary Judgment, Doc. 29)*

On January 12, 2023, Lakeland Bank ("Plaintiff") filed a Motion for Summary Judgment. (Doc. 29). On January 13, 2023, Plaintiff filed a Brief in Support of its Motion for Summary Judgment (Doc. 32) and Statement of Facts (Doc. 33). On February 3, 2023, Sun-Re Cheese Corp., ("Defendant") filed a Counterstatement of Material facts. (Doc. 44). On February 10, 2023, Defendant filed a Brief in Opposition. (Doc. 48). Plaintiff filed a Reply Brief on February 10, 2023. (Doc. 46). Defendant was granted leave (Doc. 50) to file a Sur Reply Brief on February 10, 2023 and filed one that same day (Doc. 51).

Plaintiff moves for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to

any material fact' and for which a trial would be an empty and unnecessary formality."[1]

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial.[2] The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3]

In this case, the only issue blocking Plaintiff's Motion for Summary Judgment is whether this action was brought timely under the applicable statute of limitations. (Doc. 29). Defendant raised the statute of limitations in its answer and briefs in opposition to this motion. The Court finds that it is unable to resolve the question of whether this suit was brought timely based upon the record before it, and trial is necessary to resolve certain facts.

Plaintiff contends that the New Jersey six-year statute of limitations applies. Defendant argues that the Pennsylvania two-year statute controls. Plaintiff responds that even if the two-year statute applies, the Court must select a start date for the

---

[1] *Goudy-Bachman v. U.S. Dep't of Health & Human Servs.*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[3] *Id.* at 250.

statute and consider equitable tolling. Choosing which statute to apply requires facts not yet in evidence. It is unclear, for example, whether proper notice of demand was given to Defendant or even required, when the first demand was made upon Defendant, and when precisely Defendant made its last payment on the loan. Other facts may also come into play. Therefore, Plaintiff's Motion for Summary Judgment (Doc. 29) must be denied.

    IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's Motion for Summary Judgment (Doc. 29) is DENIED.

Date: February 21, 2023        BY THE COURT

                                        *s/William I. Arbuckle*
                                        William I. Arbuckle
                                        U.S. Magistrate Judge