UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKELAND BANK, | ) | CIVIL NO. 4:22-CV-01076 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| SUN-RE CHEESE CORP., | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**
*(Findings of Fact & Conclusions of Law Following Bench Trial)*

### I. INTRODUCTION

This state court replevin action was removed to federal court (Doc. 1) and scheduled for trial (Doc. 23) before me on consent of the parties (Doc. 8). Trial was held on Friday, February 17, 2023, following oral argument on Plaintiff's Motion for Summary Judgment (Doc. 29) and Plaintiff's Motion for Declaratory Relief (Doc. 36). The Court reserved judgment on both motions until completion of the trial. Both motions will be resolved today by separate orders.

Following trial, the Court makes the following findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

### II. ANALYSIS

We begin our analysis by setting out our findings of fact. Next, we analyze those facts under the applicable law. Then, for the benefit of the parties we provide a summary of our conclusions of law.

A. **FINDINGS OF FACT**

The facts in this case are, in large part, undisputed. For the benefit of the parties, we have set forth those facts proven by a preponderance of evidence below:

1. Lakeland Bank ("Plaintiff" or "Seller" or "Creditor") and Sun-Re Cheese ("Defendant" or "Obligor") signed a Conditional Sales Contract on July 1, 2016, (hereinafter "the agreement" or "the contract"). Defendant borrowed $217,500 and agreed to repay the loan over 60 months at $4,108 per month with an advance payment of $8,216 and no security deposit. (Pl Tr. Ex. 2).

2. All payments were to be made to Plaintiff in New Jersey with the final payment due in July 2021. (Pl Tr. Ex. 2-2, ¶ 4).

3. Under the agreement Plaintiff advanced the money to purchase the following equipment: three Refurbished CMT Chilling Vats (1 VRM 6000, 1 VRM 9000, 1 VRM 5000) and one Walker Model VSHT 30,000 gallon refrigerated silo type storage tank (collectively "the equipment"). The chilling vats were purchased from a vendor in Quebec, Canada, and the silo tank from a vendor in Ohio. (Pl Tr. Ex. 2-6). Plaintiff paid the vendors directly from New Jersey for the equipment. No funds under the agreement were dispersed in Pennsylvania. (Pl Tr. Ex. 2-5).

4. The equipment was to be located at 178 Lenker Avenue, Sunbury, Pennsylvania 17801 (Pl Tr. Ex.2-1).

5. Defendant was owned by Nancy Aiello, a New Jersey Resident at the time of the agreement. (Pl Tr. Ex. 1). Nancy Aiello was the president of Defendant at all times relevant to these proceedings. (Pl Tr. Ex. 2-4 and oral admission during trial).

6. Defendant is a Pennsylvania corporation registered in 1965 with a business address of 178 Lenker Avenue, Sunbury, Pennsylvania 17801. (Pl Tr. Ex. 5).

7.  Plaintiff is a state charted bank under the laws of New Jersey with a principal place of business at 250 Oak Ridge Road, Oak Ridge, New Jersey 07348. (Doc. 1, p. 2, ¶ 8; Doc. 2-1, p. 3).

8.  The equipment was secured by a UCC-1 financing statement filed in Pennsylvania on July 8, 2016. (Pl Tr. Ex. 4); (Pl Tr. Ex. 13, ¶ 3).

9.  The agreement included a choice of law clause that states in part: "This agreement shall be construed under the laws of the State of New Jersey …." (Pl Tr. Ex. 2-4, ¶ 26). The agreement does not specifically reference a statute of limitation, a statute of repose, or a choice of forum.

10. Defendant made regular and timely payments from July 12, 2016, to January 13, 2020. No payments have been made since January 13, 2020. (Pl Tr. Ex. 6).

11. On February 3, 2020, Nancy Aiello called Plaintiff and asked to remove the ACH (automated clearing house) payments from the account telling the Plaintiff that "someone will be paying this agreement account off." (Pl Tr. Ex. 20-9). The automatic payments were apparently removed by the Plaintiff.

12. Plaintiff called Defendant thirty-nine times from February 27, 2020, until March 20, 2020, leaving voice messages but not reaching a live person (Pl Tr. Ex. 20-9 to 20-8). Senior Vice President Robert Ingram testified at trial that these were routine calls in the normal course of Plaintiff's collection process.

13. On March 20, 2020, Nancy Aiello told Plaintiff that she was aware they were behind in their payments and were working to secure funds, but nothing was confirmed yet. (Pl Tr. Ex. 20-8).

14. On March 26, 2020, Plaintiff called Nancy Aiello and left a voicemail. A person identified as "Tom" in Plaintiff's call log contacted Plaintiff same day using Nancy Aiello's phone and told Plaintiff he was calling because Nancy was sick. He said "they were bringing in a partner" that was supposed to have funding two weeks ago, but they have not heard anything yet. Tom asked for at least two months deferral and told

Plaintiff that "they are shut down due to COVID-19." (Pl Tr. Ex. 20-8 to 20-7).

15. Tom Aiello was authorized by Nancy Aiello to verify acceptance of the equipment in 2016. (Pl Tr. Ex. 2-5). Tom Aiello is Nancy Aiello's son. (Admission by Defendant during trial). I find that Tom Aiello is the "Tom" referred to in Plaintiff's Call Log. (Pl Tr. Ex. 20).

16. Nancy Aiello provided Plaintiff with a letter from VADACANN Financial LLC, signed by Amantino Lopes, President, dated May 20, 2021, confirming that a loan closing was expected the week ending June 4, 2021. (Pl Tr. Ex. 18 and testimony of Robert Ingram).

17. Nancy Aiello provided Plaintiff with a letter from VADACANN Financial LLC signed by Salvatore Cannavo, V.P. Managing Member, dated March 16, 2022, confirming that a loan application was in progress that would cover "all your debt and operating monies," with an anticipated closing date of March 31, 2022. (Pl Tr. Ex. 19 and testimony of Robert Ingram).

18. Plaintiff sent Defendant a letter dated June 1, 2022, stating that "Sun-Re is in default of the Contract by failing to pay amounts due and owing thereon," and demanding full and prompt payment for $70,246.80 (Principal $65,728 and Late Charges $4,518.80). The letter reserves all legal options but does not specifically mention replevin. (Pl Tr. Ex. 7). This was the only written demand Plaintiff ever made for payment until suit was filed. (Testimony of Robert Ingram). The letter was addressed and sent to Nancy Aiello's residence address in New Jersey via certified and regular mail and was signed for on June 3, 2022. (Pl Tr. Ex. 21).

19. Plaintiff sued Defendant in the Court of Common Pleas of Northumberland County on July 6, 2022, at Docket # CV-22-990 (Pl Tr. Ex. 8). Defendant removed the action to this court on July 8, 2022. (Doc. 1).

20. The value of the equipment as of November 9, 2022, is expressed in three terms: Forced Liquidation Value (FLV) $62,500; Orderly Liquidation Value (OLV) $82,500; and Fair Market Value (FMV) $112,500. These values are reasonable and in accordance with the

Uniform Standards of Professional Appraisal Practice as determined by a qualified appraiser, Robert M. Caspert, CAI. (Pl Tr. Ex. 16).

Next, we turn to the legal issues raised in this case. In order to resolve this replevin action, the Court must address two legal issues. First, the Court must determine the applicable statute of limitations and whether that statute bars this action. Second, if this action is timely, the Court must determine whether Plaintiff is entitled to regain possession of the equipment.

### B. THIS ACTION IS TIMELY UNDER EITHER THE PENNSYLVANIA OR NEW JERSEY STATUTE OF LIMITATIONS

In this case, the parties have raised several issues related to the applicable statute of limitations. First, the parties disagree as to which statute of limitations applies—Pennsylvania or New Jersey.[1] Second, Defendant argues that if the Pennsylvania statute of limitations applies, this action was not timely filed.

For the reasons set forth separately below, we find that this replevin action was timely filed under either the New Jersey or Pennsylvania statute of limitations.

#### 1. New Jersey's Six-Year Statute of Limitations Applies, and this Action is Timely

The rights between the parties are controlled by the Conditional Sales Contract and its related agreements. The contract addresses a choice of law,

---

[1] The Pennsylvania statute of limitations for replevin is two years. (*See* 42 Pa. C.S. § 5524(3)). The New Jersey statute of limitations for replevin is six years. (*See* N.J.S.A. 2A:14-1).

requiring that "[t]his agreement shall be construed under the laws of the State of New Jersey . . . ." (Pl Tr. Ex. 2-4, ¶ 26). However, the contract does not directly address either the statute of limitations or forum selection. The New Jersey statute of limitations for replevin is six years, and if it applies this matter was timely filed.

Plaintiff concedes that, "generally, a federal court applies the choice of law rules of the forum in which is sits." (Doc. 57) (citing cases). Plaintiff further concedes that:

> historically, it was believed that courts sitting in diversity should apply its own procedural law, even if it applied the substantive law of a foreign jurisdiction. Thus, the statute of limitations, ordinarily considered procedural in nature, was controlled by the law of the forum, rather than by the law of the state whose substantive law applies.

(Doc. 57).

However, Plaintiff argues that New Jersey, applying a "most significant relationship test," treats the statute of limitation as substantive law. Plaintiff cites the case *Heavner v. Uniroyal, Inc.*,[2] for this proposition. In *Heavner*, the New Jersey Supreme Court noted that the courts have historically treated the statute of limitations as a procedural question governed by the laws of the forum. Then the Court said: "we think reexamination of the rule is in order."[3]

---

[2] 305 A.2d 412, 418 (N.J. 1973).

[3] *Id.* at 415.

To reexamine the rule the New Jersey Supreme Court conducted a detailed review of the history and purposes of the statute of limitations, and explored the modern commentators stating:

> this law-of-the-forum rule as to the applicable period of limitations has been almost universally criticized by legal commentators, especially in recent times when the whole field of conflicts law has been undergoing so much reevaluation by both scholars and American courts.[4]

In doing so, the New Jersey Supreme Court acknowledged that "courts have been indeed slow to follow the scholarly lead and candidly change the rule"[5] but went on to say:

> we are convinced the time has come, for the reasons previously outlined, to discard the mechanical rule that the limitations law of this state must be employed in every suit on a foreign cause of action.[6]

*Heavner* was the law in New Jersey in 2016 when the parties entered into the agreement at the heart of this lawsuit.

In 2017 the New Jersey Supreme Court refined the *Heavner* rule, exchanging the government-interests test for a "foreign state substantial interest" analysis.[7] Considering the Restatement 2nd of the Law of Conflicts §142, the court held: "a court is not required to apply the forum state's limitations period if there are

---

[4] *Id.*

[5] *Id.* at 417.

[6] *Id.* at 418.

[7] *McCarrell v. Hoffmann-La Roche, Inc.*, 153 A.3d 207 (N.J. 2017).

exceptional circumstances that will make such a result unreasonable."[8] In short, New Jersey considers the statute of limitations to be a substantive law question.

In this case, the only relationship Pennsylvania has to this case is the location of the property. The parties expressed a clear desire to have the law of New Jersey apply. The contract was signed in New Jersey by two New Jersey residents. The payments made to purchase the equipment were sent from New Jersey to vendors in Ohio and Canada, not Pennsylvania. Payments on the agreement were required to be paid in New Jersey. For all these reasons applying the Pennsylvania two-year statute of limitations for replevin would frustrate both the intent of the parties and the express language of the agreement. We hold that the New Jersey statute of limitations for replevin of six years applies to this case and the case was timely filed.

### 2. Even If Pennsylvania's Two-Year Statute of Limitations Applies, This Action Was Timely

The Pennsylvania statute of limitations for replevin on a conditional sales contract begins at the end of the sales term, not just when the first payment is missed. Just missing a payment is not inconsistent with the owner's rights to possession. That inconsistency occurs when the term of the contract is up, full payment has not been made, and the buyer does not return the property – or when payments are behind, <u>and</u> the creditor demands possession.

---

[8] *Id.* at 225 (quotation marks omitted).

In *Fenton v. Balick*, the United States District Court for the Eastern District of Pennsylvania held that:

> in a replevin action, the statute of limitations does not begin to run until the right to bring an action arises; and <u>the right to bring an action arises only upon an act by the possessor that is inconsistent with the owner's rights</u>.[9]

In the *Priester* case relied upon by the Court in *Fenton*, the plaintiff sought to replevin a piano originally sold to her father in February of 1927 on a conditional sales contract. The contract had a two-year term for payment. The father did not make the final two payments (due in January and February of 1927). The family kept the piano for sixteen years in various locations until 1944 when the seller secured possession of the piano by self-help. At that time the Pennsylvania statute of limitations for replevin was six years. Plaintiff sued for return of the piano, contending that the seller's right to replevin, and therefore any claim of title, expired after six years. The court rejected that argument, holding that the expiration of the statute of limitations for replevin did not preclude any remedy under the contract, except replevin. Notably the court said that "(the seller's) right to a writ of replevin expired six years <u>after the expiration of the two-year term</u>, that is, on February 5, 1935." In other words, the default on the sales contract by non-payment occurred in

---

[9] *Fenton v. Balick*, 821 F.Supp.2d 755, 761 (E.D. Pa. 2011) (emphasis added).

January but the statute of limitations for replevin did not begin to run until the end of the contract term in February.[10]

We think this is a better analysis of the term "default" when applied to a replevin statute of limitations. A "default" could occur when the debtor/possessor sells and transfers the property to a third party without the consent of the creditor, because that act is inconsistent with the creditor's right to possession. A "default" also occurs for purposes of a replevin action when the term of the contract has expired, and all payments have not been made, but the debtor maintains possession. To rule otherwise would require the seller to begin replevin within two years after the first missed payment. Using the end of the sales term as the "default" trigger for the statute of limitations allows the seller to forgo their right to possession for non-payment until the term of the contract expires. From that point the creditor must demand possession within two years or lose the remedy of replevin. The creditor could also trigger the statute of limitations by a demand for possession of the equipment after non-payment because retention of the property at that point is inconsistent with the creditor's right of possession under the contract. Simply owing money is not inconsistent with the creditor's rights if the creditor does not demand possession.

---

[10] *Priester v. Milleman*, 55 A.2d 540, 542 (Pa. Super. Ct. 1947).

In this case the parties agree that no formal demand for possession was made. The agreement had a July 1, 2021, maturity date. A generic letter was sent one year after that date. (Pl. Tr. Ex. 7). This replevin action was filed thirty-six (36) days later, roughly fourteen months after the maturity date. This replevin action is within the Pennsylvania two-year statute of limitations.

### C. PLAINTIFF IS ENTITLED TO REGAIN POSSESSION OF THE EQUIPMENT

Replevin is a proceeding in rem to regain possession of goods and chattels.[11] The focus in a replevin action is strictly limited to title and right of possession.[12] Pursuant to Rule 1073.1(a) of the Pennsylvania Rules of Civil Procedure, a complaint for an action in replevin must include the following:

> (1) a description of the property to be replevied, (2) its value, (3) its location if known, and (4) the material facts upon which plaintiff's claim is based.[13]

---

[11] As has been frequently pointed out, replevin begins as an action in rem and the plaintiff in order to succeed must prove not only title to, but also an immediate right to possess, the chattel. "The issue in a replevin action is confined to the question of title and the exclusive right of possession." *Blossom Products Corp. v. Nat'l Underwear Co.*, 191 A. 40, 41 (Pa. 1937); *Auto. Banking Corp. v. Draper*, 195 A. 441, 445 (Pa. Super. Ct. 1937).

[12] *Int'l Electronics Co. v. N. S. T. Metal Products Co.*, 88 A.2d 40 (Pa. 1952); *Ford Motor Credit Co. v. Caiazzo*, 564 A.2d 931 (Pa. Super. Ct. 1989); *Austin v. Borough of Ligonier*, 551 A.2d 403 (Pa. Commw. Ct. 1988).

[13] *Pelzer v. Pry*, No. 50-CD-2012, 2013 WL 3970388, at *4 (Pa. Commw. Ct., May 15, 2013).

Plaintiff has made the necessary showing of value, title, and right to possession of the equipment. Defendant does not contest the facts showing value, title, and a right of possession. Accordingly, we find that Plaintiff is entitled to regain possession of the equipment.

### D. CONCLUSIONS OF LAW

In summation, we set out the following conclusions of law:

1. Plaintiff and Defendant entered into a valid agreement secured by the equipment.

2. Defendant has not paid the full amount owed on the agreement.

3. Plaintiff has a valid security interest in the equipment.

4. The six-year statute of limitations for New Jersey applies to this case.

5. Under the Pennsylvania two-year statute of limitations equitable tolling is not needed because the statute does not begin to run until a demand for possession is actually made or the term of the agreement expired, and monies are still owed.

6. This action was timely filed under either the New Jersey or Pennsylvania statute of limitations.

7. Plaintiff is entitled to replevin the equipment.

### E. REQUESTS FOR COSTS AND FEES SHOULD BE SOUGHT BY SEPARATE MOTION

Defendant removed this case based on diversity of citizenship. At the time of removal there were two documents requiring responses by Defendant. Specifically, Plaintiff filed a Complaint for Replevin (Doc. 1-1) and a Motion for Writ of Seizure

(Doc. 1-2) in the Court of Common Pleas of Northumberland County (Case # CV-22-990). Neither requests the award of attorney's fees or costs. While the agreement that is the subject of this lawsuit clearly states that attorney's fees and cost are recoverable there is no request before the court to award those fees. If Plaintiff is seeking an award of attorney's fees and costs it must do so by separate motion.

### III. CONCLUSION

Accordingly, we conclude that:

(1) The New Jersey Statute of Limitations applies in this case, but this replevin action was timely filed under either the New Jersey or Pennsylvania statute of limitations;

(2) Plaintiff is entitled to possession of the equipment;

(3) A request for costs or fees must be made by separate motion; and

(4) An appropriate order and judgment will be issued separately.

Date: February 21, 2023              BY THE COURT

                                     *s/William I. Arbuckle*
                                     William I. Arbuckle
                                     U.S. Magistrate Judge