UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKELAND BANK,<br>   Plaintiff | )<br>)<br>) | CIVIL NO. 4:22-CV-01076 |
| v. | )<br>)<br>) | (ARBUCKLE, M.J.) |
| SUN-RE CHEESE CORP.,<br>   Defendant | )<br>) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Defendant Sun-Re Cheese Corporation brings this Motion to Alter or Amend the Court's Judgment pursuant to Federal Rule of Civil Procedure 59, asking the Court to alter or amend its judgment issued following a February 17, 2023, bench trial. (Doc. 63). For the reasons explained herein, that Motion will be denied.

### II. BACKGROUND AND PROCEDURAL HISTORY

Because we write primarily for the parties and Court who are familiar with the case, we will only briefly recite the facts and procedural history. The Court relies upon and incorporates the findings of facts in our February 21, 2023, Memorandum Opinion. (Doc. 61, pp. 2-5 ¶¶ 1-20). None of those facts have been challenged in the instant Motion.

This commercial replevin suit was initially filed in the Court of Common Pleas of Northumberland County, Pennsylvania, and was removed to this Court on July 8, 2022. (Doc. 1). Plaintiff Lakeland Bank and Defendant Sun-Re Cheese

Corporation signed a Conditional Sales Contract ("the contract") on July 1, 2016. (Doc. 61, p. 2 ¶ 1). Defendant borrowed $217,500 from Plaintiff and agreed to repay the loan over 60 months, at $4,108 per month and made an advanced payment of $8,216 with no security deposit. *Id*. Plaintiff loaned Defendant the money to purchase certain cheese manufacturing equipment which secured the loan. (Doc. 61, pp. 2-3 ¶¶ 3, 8). On January 13, 2020, Defendant ceased making payments on the loan. (Doc. 61, p. 3 ¶ 10). On July 6, 2022, Plaintiff filed this commercial replevin suit in the Court of Common Pleas of Northumberland County, Pennsylvania. (Doc. 1-1). Defendant removed to this Court on July 8, 2022. (Doc. 1). On August 26, 2022, the Parties consented to proceeding before the undersigned United States Magistrate Judge.

On February 17, 2023, this case was tried by bench trial. At trial the facts of the case were not seriously disputed. Defendant did not dispute that it defaulted on the contract secured by manufacturing equipment. Instead, Defendant contended that, applying the two-year Pennsylvania statute of limitations, the Bank failed to file for replevin within two years of the first missed payment. By Memorandum Opinion, (Doc. 61), and Order, (Doc. 62,) dated February 21, 2023, judgment in replevin was granted to Plaintiff.

On March 21, 2023, Defendant filed a Rule 59 Motion to Alter or Amend the Court's Judgment. (Doc. 63). In that Motion, Defendant challenges the Judgment of the Court on three grounds:

(1) "the Court [] misapplied the law of New Jersey with respect to the choice of statutes of limitations . . . ."

(2) "the Court [] overlooked or misapplied case law regarding events which trigger an action in replevin in Pennsylvania . . . ."

(3) "the Court erred in concluding that Lakeland is entitled to possession of the equipment . . . ."

(Doc. 63, ¶¶ 3-5). Defendant asserts that the Court should "reconsider its holding that the New Jersey statute applies in this matter," and "reconsider its holding that this action is timely under the two-year Pennsylvania statute." (Doc. 63, ¶¶ 3, 4). Defendant did not seek a stay of the Court's Order. On March 22, 2023, Plaintiff Bank filed a Response to the Motion. (Doc. 64). On April 4, 2023, Defendant Sun-Re filed a Brief in Support of the Motion to Alter Judgment. (Doc. 65). On April 5, 2023, Plaintiff filed a Brief in Opposition to the Motion. (Doc. 66). Defendant did not file a reply brief. The motion is ripe for decision.

## III. DISCUSSION

Concerningly, Defendant does not provide the Court with a legal standard to guide our analysis of its Motion to Alter or Amend the Court's Judgment.[1] A review of that standard illuminates the inherent flaws in Defendant's Motion.

Federal Rule of Civil Procedure 59 governs motions to alter or amend a judgment. As pertinent to this Motion, Rule 59 provides:

> (a)   In general.
>
> . . . .
>
> > (2)   Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
>
> . . . .
>
> (e)   Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

The Third Circuit has held that, "[t]he scope" of a Rule 59 motion "is extremely limited."[2] "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to

---

[1] Nor does Plaintiff.
[2] *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

present newly discovered evidence."³ Accordingly, the Third Circuit has "held that a proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."⁴ It is inappropriate to use a Rule 59(e) motion to "reargue issues that the court has already considered and decided"⁵ and to "ask the court to rethink what it had already thought through—rightly or wrongly."⁶ "In sum, a motion to alter judgment should only address factual and legal matters that the Court may have overlooked."⁷

Defendant's Motion is timely. As we will explain further below, Defendant's Motion, however, seeks to "reargue issues that the court has already considered and decided"⁸ and "ask[s] the [C]ourt to rethink what it had already thought through—

---

³ *Id.* (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).
⁴ *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)) (internal quotation marks omitted).
⁵ *Umoja Erectors, LLC v. D.A. Nolt, Inc.*, No. 20-CV-5046, 2024 WL 3635669, at *1 (E.D. Pa. July 16, 2024) (citing *Wright v. Pierce*, No. 12-175, 2015 WL 3653124, at *1 (D. Del. June 10, 2015)).
⁶ *Fed. Trade Comm'n v. Am. Future Sys., Inc.*, No. CV 20-2266, 2024 WL 2958948, at *2 (E.D. Pa. June 11, 2024) (quoting *In re Blood Reagents Antitrust Litig.*, 756 F.Supp.2d 637, 640 (E.D. Pa. 2010)) (internal quotation marks omitted).
⁷ *Am. Future Sys., Inc.*, 2024 WL 2958948, at *2 (quoting *In re Blood Reagents Antitrust Litig.*, 756 F.Supp.2d at 640) (internal quotation marks omitted).
⁸ *Umoja Erectors, LLC*, 2024 WL 3635669, at *1 (citing *Wright*, 2015 WL 3653124, at *1).

rightly or wrongly."[9] Defendant's Motion does not ask us to "address factual and legal matters the Court may have overlooked."[10] Each of Defendant's three arguments will be addressed in turn. As we address the issues raised in Defendant's Motion to Alter or Amend Judgment, we incorporate by reference the Memorandum Opinion and Order issued following the February 17, 2023, bench trial. (Docs. 61, 62).

### A. DEFENDANT'S ARGUMENT THAT "THE COURT HAS MISAPPLIED THE LAW OF NEW JERSEY WITH RESPECT TO THE CHOICE OF STATUTES OF LIMITATIONS AND THE COURT SHOULD RECONSIDER ITS HOLDING THAT THE NEW JERSEY STATUTE APPLIES IN THIS MATTER" IS MERITLESS

Defendant's first argument is that "the Court has misapplied the law of New Jersey with respect to the choice of statutes of limitations and the Court should reconsider its holding that the New Jersey statute applies in this matter." (Doc. 63, ¶ 3). In its Brief in Support, Defendant frames this argument as:

> I.   THE NEW JERSEY SUPREME COURT'S RULING IN McCARRELL V. HOFFMAN-LaROCHE, INC., 143 A.3d (N.J. 2017) DOES NOT MANDATE APPLICATION OF THE NEW JERSEY STATUTE OF LIMITATIONS IN THIS ACTION.

(Doc. 65, p. 1). Defendant's first sentence supporting this argument states that,

> In fashioning it's February 21, 2023, Memorandum Opinion (Doc. 61), the Court was persuaded that the New Jersey Supreme Court's adoption

---

[9] *Am. Future Sys., Inc.*, 2024 WL 2958948, at *2 (quoting *In re Blood Reagents Antitrust Litig.*, 756 F.Supp.2d at 640) (internal quotation marks omitted).
[10] *Am. Future Sys., Inc.*, 2024 WL 2958948, at *2 (quoting *In re Blood Reagents Antitrust Litig.*, 756 F.Supp.2d at 640) (internal quotation marks omitted).

of the Restatement (Second) of Conflicts of Laws § 142 (1971) in McCarrell v. Hoffman LaRoche, Inc., 153 A.3d 207 (N.J. 2017) mandates application of the six year New Jersey statute of limitations in this matter.

(Doc. 65, p. 2). Defendant then goes on to argue that a strict application of the Restatement (Second) of Conflict of Laws § 142 as interpreted by the New Jersey Supreme Court "militates in favor of application of the [Pennsylvania] statue [sic] in this case." (Doc. 65, p. 2).

Problematically for Defendant, and indeed as it admits, the Court already considered *McCarrell* and its interpretation of § 142 in our Memorandum Opinion. Defendant is therefore effectively asking the Court to "rethink what it ha[s] already thought through."[11] Defendant presents no legal or factual matter "the Court may have overlooked," and is not arguing that we overlooked *McCarrell* and its interpretation of § 142.[12] Instead, Defendant is arguing that we looked at *McCarrell* and its interpretation of § 142 and came to the wrong conclusion. Defendant's disagreement with the conclusion we reached in our Memorandum Opinion is an improper argument to raise in a motion to amend or alter judgment under Rule 59. This is so specifically because we considered the application of *McCarrell* and its interpretation of § 142 to this case in our Memorandum Opinion. (Doc. 61, pp. 7-8).

---

[11] *Am. Future Sys., Inc.*, 2024 WL 2958948, at *2 (quoting *In re Blood Reagents Antitrust Litig.*, 756 F.Supp.2d at 640) (internal quotation marks omitted).
[12] *Am. Future Sys., Inc.*, 2024 WL 2958948, at *2 (quoting *In re Blood Reagents Antitrust Litig.*, 756 F.Supp.2d at 640) (internal quotation marks omitted).

Accordingly, this argument is meritless and fails because Defendant simply attempts to reargue what this Court previously considered and decided.

Moreover, even considering Defendant's substantive argument, we are not persuaded *McCarrell* "militates in favor of application of the PA statue [sic] in this case," and would deny the Motion on this ground. (Doc. 65, p. 2). Defendant argues that subsections (1) and (2) of section 142 of the Restatement (Second) of Conflict of Laws as adopted by the New Jersey Supreme Court in *McCarrell*,

> effectively create a two way switch with respect to applications of statutes of limitations. On one side of the toggle, a state mechanically applies its own statute of limitations if it bars a claims. On the other side of the toggle, a forum state will apply its more permissive statute under the circumstances set forth in subsections (2)(a) and (b).
>
> In the case at bar, the PA statute is less permissive (at two years) and the NJ statue is more permissive (at six years). PA is the forum state and must be in a replevin action involving personalty situate in PA. This automatically flips the §142 (1) switch to PA and the Court never reaches an analysis of the §142 (2)(a) and (b) factors.

(Doc. 65, p. 3) (all errors in original).

Underpinning Defendant's argument that § 142(1) applies, and therefore the Pennsylvania statute of limitations applies, is that the Pennsylvania statute of limitations bars Plaintiff's claim. In our Memorandum Opinion, however, we found that, even if the Pennsylvania statute of limitations did apply, Plaintiff's claim was still timely. Defendant challenges that finding in this Motion, as discussed *infra*, but, as we explain, we find that argument is meritless and are not persuaded that under

the Pennsylvania statute of limitations Plaintiff's replevin claim is time barred. Accordingly, we are not persuaded by Defendant's argument that the Pennsylvania statute of limitations automatically applies because its statute of limitations bars the claim and so we have "misapplied the law of New Jersey with respect to the choice of statutes of limitations," (Doc. 63, ¶ 3), or that *McCarrell* "militates in favor of application of the PA [sic] statue [sic] in this case," (Doc. 65, p. 2).

    **B.    DEFENDANT'S ARGUMENT THAT "THE COURT HAS OVERLOOKED OR MISAPPLIED CASE LAW REGARDING EVENTS WHICH TRIGGER AN ACTION IN REPLEVIN IN PENNSYLVANIA AND THE COURT SHOULD RECONSIDER ITS HOLDING THAT THIS ACTION IS TIMELY UNDER THE TWO-YEAR PENNSYLVANIA STATUTE" IS MERITLESS**

Defendant's second argument is that "the Court has overlooked or misapplied case law regarding events which trigger an action in replevin in Pennsylvania and the Court should reconsider its holding that this action is timely under the two-year Pennsylvania statute." (Doc. 63, ¶ 4). In its Brief in Support, Defendant frames this argument as:

> II.    THE RULINGS IN <u>FENTON V. BALICK</u>, 821 F.Supp.2d 755, 761 (E.D. Pa. 2011) AND <u>PREISTER V. MILLEMAN</u>, 55 A.2D 540 (Pa.Super. 1947) DO NOT MANDATE A FINDING THAT THIS MATTER WAS FILED WITHIN THE TWO YEAR PENNSYLVANIA STATUTE.

(Doc. 65, p. 4) (all errors in original). Defendant then argues that *Fenton* is "readily distinguishable" from this case and *Priester* "substantially bolsters" its position. (Doc. 65, p. 5).

Once again, problematically for Defendant, the Court already considered both *Fenton* and *Priester* in our Memorandum Opinion. Defendant is therefore once again asking the Court to "rethink what it ha[s] already thought through."[13] Although Defendant argues that the Court "overlooked or misapplied case law regarding events which trigger an action in replevin in Pennsylvania," Defendant does not identify what case law it believes the Court overlooked. (Doc. 63, ¶ 4; Doc. 65, pp. 4-6). Defendant argues not that the Court overlooked *Fenton* and *Priester*, but only that we misapplied those cases and came to the wrong conclusion in our analysis of them in our Memorandum Opinion. (Doc. 61, pp. 9-10). Defendant is therefore seeking to "reargue issues that the [C]ourt has already considered and decided."[14] Again, Defendant's mere disagreement with the conclusion the Court reached in our Memorandum Opinion is an improper argument to raise in a Rule 59 motion where we already considered the two cases Defendant alleges we overlooked or misapplied, and simply reached a different conclusion than Defendant regarding their application to this case. (Doc. 61, pp. 9-10). Accordingly, this argument is meritless and fails because Defendant simply attempts to relitigate what the Court already considered and decided.

---

[13] *Am. Future Sys., Inc.*, 2024 WL 2958948, at *2 (quoting *In re Blood Reagents Antitrust Litig.*, 756 F.Supp.2d at 640) (internal quotation marks omitted).

[14] *Umoja Erectors, LLC*, 2024 WL 3635669, at *1 (citing *Wright*, 2015 WL 3653124, at *1).

Even considering Defendant's substantive argument, we remain unpersuaded that Plaintiff brought this action untimely under Pennsylvania's statute of limitations, and would deny the Motion on this ground. In its Brief in Support, Defendant acknowledges that "[i]n a replevin action, the statute of limitations does not begin to run until the right to bring an action arises; and the right to bring an action arises only upon an act by the possessor that is inconsistent with the owner's rights." (Doc. 65, p. 4). Defendant attempts to distinguish this case from *Fenton* by arguing that in this case, "the rights of the parties in this matter . . . are governed by statutes and contracts." (Doc. 65, p. 5). Defendant argues that,

> The right to replevin the property, under the Uniform Commercial Code, flows directly from the occurrence of a default. The contract in this matter defines default as non-payment and provides for the immediate possession, without need for demand, of the equipment upon default. Thus, the parties have, by statue and contract, elected a system which does not require Lakeland to make a demand to trigger its rights of possession.

(Doc. 65, p. 5). This argument requires the Court to accept Defendant's assertions that 1) under the UCC the right to replevin flows directly from the occurrence of a default, and 2) the contract in this case defines default as non-payment. Defendant offers no citations to legal authority, or even to the contract, in support of either of these assertions. The Court therefore cannot begin to find this argument persuasive.[15]

---

[15] Further, Defendant concludes this argument by asserting that "the Court should have found that the two year PA [sic] statute was not properly tolled in this matter." (Doc. 65, p. 5). Defendant appears to misunderstand the Court's finding.

Defendant goes on to argue that *Priester* "substantially bolsters" Defendant's position and "following the holding in Priester, Lakeland should be barred from asserting claims in replevin." (Doc. 65, p. 6). Notably, Defendant does not appear to identify what the holding in *Priester* was, instead noting observations that court made. Defendant notes that, "[t]he Priester court observed that '[w]here chattels are placed into the possession of another and are to be returned at a fixed time, as in the case of a conditional sale and undoubtedly in a bailment, the right of action accrues immediately upon a default.'" (Doc. 65, p. 6) (citing *Priester*, 55 A.2d at 542). Defendant does not explain how this observation is relevant to this case when the cheese manufacturing equipment was never intended to be returned to Plaintiff at a fixed time. Nor does Defendant clearly address the Court's own analysis of *Priester* and specifically articulate where it believes the Court went wrong. Accordingly, the Court is not persuaded that Lakeland, as the Defendant states it, is not entitled to possession of the equipment because it failed to bring a timely replevin action under the Pennsylvania statute of limitations.

---

The Court did not find that the Pennsylvania statute of limitations was tolled. Rather, the Court found that the statute of limitations did not trigger until the term of the contract was up, full payment was not made, and Defendant had not returned the property. (Doc. 61, pp. 8, 10).

### C. DEFENDANT'S ARGUMENT THAT "THE COURT ERRED IN CONCLUDING THAT LAKELAND IS ENTITLED TO POSSESSION OF THE EQUIPMENT IN THAT LAKELAND HAS FAILED TO BRING A TIMELY ACTION FOR POSSESSION" IS MERITLESS

Defendant's third argument is that "the Court erred in concluding that Lakeland is entitled to possession of the equipment in that Lakeland has failed to bring a timely action for possession." (Doc. 63, ¶ 5). In its Brief in Support, Defendant frames this argument as "III.   PLAINTIFF LAKELAND BANK IS NOT ENTITLED TO POSSESSION OF THE EQUIPMENT." (Doc. 65, p. 6). Defendant then concludes, "As Lakeland has not filed this action within the time allowed by Pennsylvania's statute of limitations, it is not entitled to relief in replevin." *Id*. This one sentence conclusion is all Defendant offers the Court to support its third argument argument. First, once again, Defendant is seeking to "reargue issues that the [C]ourt has already considered and decided" as we explicitly found Lakeland was entitled to possession of the equipment.[16] (Doc. 61, pp. 11-12). This is an inappropriate argument to assert in a Rule 59 motion as explained above. Second, the Court has determined Defendant's second argument is meritless and has not found either that the Pennsylvania statute of limitations applies in this case or that this action is untimely under that statute of limitation. Accordingly, Defendant's

---

[16] *Umoja Erectors, LLC*, 2024 WL 3635669, at *1 (citing *Wright*, 2015 WL 3653124, at *1).

argument that Lakeland is not entitled to possession of the equipment because it did not bring this action within the Pennsylvania statute of limitations is moot.

## IV.  CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Rule 59 Motion to Alter or Amend the Court's Judgment, (Doc. 63), will be denied. An appropriate Order will follow.

Date: October 21, 2024                         BY THE COURT

                                               *s/William I. Arbuckle*
                                               William I. Arbuckle
                                               U.S. Magistrate Judge